UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
99 JUL 14 PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
JOSEPH WAYNE BAKER and        )
RONNIE MYLES,                 )
                              )
     Plaintiffs,              )
                              )    CV 98-PT-2493-E
     vs.                      )
                              )
THE WATER WORKS AND SEWER     )
BOARD OF THE CITY OF          )
ANNISTON,                     )
                              )
     Defendant.               )
```

ENTERED
JUL 14 1999

## MEMORANDUM OPINION

This cause comes on to be heard on Defendant's Motion For Summary Judgment filed on May 28, 1999.

The court will first address the claims of Joseph Wayne Baker.

### Baker Racial Harassment

Baker's evidence as to racial harassment does not come close to establishing a hostile environment claim. Any alleged conduct did not affect his working conditions. In any event, Baker has not argued in support of any alleged hostile environment claim and has apparently abandoned it and any such claim will be dismissed.[1]

---

[1] The court does not reach the issues of constructive notice, following the complaint procedure, etc. The court does note that there is not substantial evidence of interference with work

### Wrongful Discharge

In brief, Baker states that he "resigned in frustration." This does not rise to the level of intolerable conduct necessary to support a constructive discharge. The evidence does not establish a reasonable inference of intolerable work conditions. Any such purported constructive discharge claim will be dismissed.[2]

### Disparate Treatment

Baker alleges that he was discriminated against based on his race because he was disciplined for failing to respond to an emergency call. His only basis for this claim is that he (black) was disciplined and that Crane (white) was not. It is undisputed that Baker received the call (even though he was not on call). It is further undisputed that he refused to respond to the call. It is further undisputed that, while Crane was on call, he was either not available to take the call or did not answer the phone. Baker was called only after Crane could not be reached.

First, Crane and Baker were not similarly situated. Certainly their situations were not "nearly identical." Baker was contacted and refused to respond. Crane was not contacted.

In any event, while Baker claims that Crane was not

---

conditions, etc.

[2]Plaintiff Baker does not even argue that there is evidence to support such a claim.

2

disciplined, he was disciplined. That is not <u>substantially</u> disputed. Plaintiff attempts to dispute it with a misleading reference to Crane's deposition. Plaintiff argues that Crane testified that he was not reprimanded and cites pages 25-26 of Crane's deposition. The deposition merely shows that Crane testified that at the time of a particular meeting he had not been reprimanded. Crane was given a warning, similar to the warning which was given to Baker. This claim will be dismissed.

## Retaliation

Baker claims that the decision not to rehire him was in retaliation for having complained about "unfair treatment." Plaintiff, in brief, <u>argues</u> that "Mr. Miller told plaintiff Baker that he could not get his job back because he had gone over his head (i.e. meaning he had complained of discrimination)."[3] When asked, "Did you complain to Jim Miller that someone was treating you badly because of your race," plaintiff responded, "No, not to Mr. Miller, no, no." He further testified that he had never seen or heard anything of a racist nature from Miller. Baker further testified that Miller complained that Baker went over his (Miller's) head. There is no evidence that Miller, the decision maker, knew that plaintiff had ever claimed <u>race</u> discrimination to anyone. There is no substantial evidence that any white person who had resigned under the same or similar circumstances

---

[3]This is argument only.

3

had ever been rehired. There is no substantial evidence that Baker ever complained of racial discrimination to anyone, certainly not that Miller knew of it. See <u>Clover v. Total Systems Services, Inc.</u>, 176 F.3d 1346 (11th Cir. 1999).

### Myles

The court has considered the claims of Myles. At this stage, the court cannot conclude, as a matter of law, that there are no genuine issues fact.

The motion for summary judgment will be granted as to Baker and denied as to Miles.

This __14th__ day of July, 1999.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

4